# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. FOX,<br><br>Defendant. | No. 3-05-70706<br><br>[PROPOSED] ORDER RE WAIVER OF TIME UNDER F.R.Cr.P. 5.1 AND FINDING EXCLUDABLE TIME UNDER SPEEDY TRIAL ACT<br>18 U.S.C. § 3161(b); (h)(8)(A)&(B)(iv) |

The parties appeared before the Court on November 1, 2005. The defendant was represented by Assistant Federal Public Defender Elizabeth Falk, and the United States was represented by Assistant United States Attorney Susan Badger. A criminal complaint was filed in this matter on August 30, 2005, and the defendant made his initial appearance before Magistrate Zimmerman that same date. The defendant was released on an unsecured personal recognizance bond. Upon the motion of the defendant, Magistrate Zimmerman found that Mr. Fox knowingly and voluntarily waived time for indictment

[PROP.] ORDER
[3-05-70706]                                         1

pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure, and that time was excluded under the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(8)(A) & (B)(iv).

At a subsequent appearance on October 5, 2005 before Magistrate Judge Spero, the defendant asked for a continuance of this matter until November 1, 2005 so that he and his attorney could have additional time to review discovery and to discuss potential settlement of the case at the pre-indictment stage. The defendant requested, and the Court found, excludable time between October 5, 2005 and the next appearance on November 1, 2005 in order to have adequate time for effective preparation, taking into account due diligence. Defense counsel also advised the Court that she would be unavailable for a period of time in October and asked for exclusion of time under the Speedy Trial Act for continuity of counsel. The defendant also agreed to waive time for indictment pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure.

At the appearance before this Court on November 1, 2005, AFPD Falk advised the Court that she was in the process of reviewing discovery with her client and was engaged in discussions with the government regarding pre-indictment settlement of the case. The defendant indicated that he was prepared to continue to waive time for indictment under Rule 5.1(c) of the Federal Rules of Criminal Procedure in order to facilitate the discussions about a possible resolution. The parties agreed to continue the matter to November 21, 2005 at 9:30 a.m. before this Court for arraignment or preliminary hearing. In light of the need for time for effective preparation, taking into account due diligence, the defendant also requested that the time between November 1, 2005 and November 21, 2005 be excluded from the time requirements of the Speedy Trial Act.

Upon the request of the parties and good cause appearing, the Court accepts the defendant's waiver of time for indictment under F.R.Cr.P. 5.1(c). Further, the Court finds that the time between November 1, 2005 and November 21, 2005 is excluded from the time requirements of the Speedy Trial Act, 18 U.S.C. 3161(b), in order to provide the parties reasonable time for effective preparation, that is, to review discovery and discuss

[PROP.] ORDER
[3-05-70706]                                   2

1 | possible settlement of the case, taking into account due diligence. 18 U.S.C.
2 | 3161(h)(8)(A) & (B)(iv).
3 |
4 | IT IS SO ORDERED.
5 | DATED: 11/3/05
6 |
_____
EDWARD CHEN
United States Magistrate Judge

[PROP.] ORDER
[3-05-70706]

3